## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS ROBINSON,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 06-3955** |
| | : | |
| **JOSEPH A. SMYTH (JUDGE), et al.,** | : | |
| **Defendants** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                    **August 22, 2007**

On October 11, 2006, Thomas Robinson filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Honorable Joseph A. Smyth of the Court of Common Pleas of Montgomery County and Court Reporter Elizabeth Huber-Berry, alleging that the defendants, acting in their individual capacities, deprived him of his constitutionally-protected rights by breaching a contract with him, and committing fraud against him.  He seeks injunctive relief,[1] $500,000 in punitive damages from Judge Smyth and Miss Huber-Berry each, $500,000 in compensatory damages from Judge Smyth and Miss Huber-Berry each, and all court costs and legal fees to be equally shared by the two defendants.  The defendants have both filed motions to dismiss pursuant to Rule 12 of the

---

[1]  Mr. Robinson seeks several "declarative judgments," including: 1) the defendants had a contract with him by virtue of their oaths of office; 2) the defendants breached that contract; 3) the defendants committed fraud against him; and 4) the defendants deprived him of his due process and equal protection rights.  He also asks that I compel the defendants to honor their contracts with him, to stop committing fraud against him, to stop conspiring with each other, and to stop depriving him of his due process and equal protection rights.  Mr. Robinson does not expressly seek release from prison or the overturning of his conviction.

Federal Rules of Civil Procedure.  For the following reasons, I will grant the motions in their entirety.

## I.  BACKGROUND

In 1996, Mr. Robinson surrendered to the police and confessed to the stabbing death of Sheila Cody.  A jury convicted him of first degree murder and related offenses, and he was sentenced to life imprisonment.  Mr. Robinson directly appealed his conviction in state court, and repeatedly sought collateral review in the state and federal courts.[2]  Each review was unsuccessful, and his conviction and sentence stand.

In his present Complaint, Mr. Robinson alleges that the judge who presided over his 1996 criminal trial and the judge's court reporter violated Mr. Robinson's constitutional rights of due process and equal protection.  He claims that Miss Huber-Berry "committed fraud by knowingly, intentionally and maliciously **INACCURATELY AND FALSELY** [sic] transcribed official type-written trial transcripts."  (emphasis in original).  Mr. Robinson cites two alleged inaccuracies in the

---

[2]  See Commonwealth v. Robinson, 718 A.2d 861 (Pa. Super 1998) (conviction affirmed on direct appeal); Commonwealth v. Robinson, 792 A.2d 618 (Pa. Super. 2001) (unsuccessful challenge to conviction under Pennsylvania's Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §9541, et seq.); Commonwealth v. Robinson, 569 Pa. 703, 805 A.2d 522 (2002) (petition for allowance of appeal denied);  Robinson v. Vaughn, No. 02-5758 (E.D. Pa. Oct. 1, 2003) (petition for writ of federal habeas corpus denied); Robinson v. Vaughn, No. 04-01232 (3d Cir. Sept. 1, 2004) (petitioner's request for certificate of appealability denied); Commonwealth v. Robinson, 143 Mont. Co. L. Rep. 357 (2006) (second PCRA petition denied); Commonwealth v. Robinson, No. 353 EDA 2006 (Pa. Super. Feb. 12, 2007) (denial of second PCRA petition affirmed); Robinson v. Vaughn, No. 02-5758 (E.D. Pa. Feb. 10, 2006) (petitioner's motion for relief from judgment pursuant to Rule 60(b)(2) & (b)(6) denied); Robinson v. Vaughn, No. 06-01742 (3d Cir. Dec. 4, 2006)(petitioner's request for certificate of appealability denied).

record which he claims Miss Huber-Berry refused to correct:

> a) Dr. Isadore Mihalakis (forensic pathologist) testified: "the homicide that the plaintiff was being charged for was **PREMEDITATED**."  However, the word premeditated has been omitted from the plaintiff's official trial transcripts.
>
> b) the defendant Joseph A. Smyth impermissibly ruled in front of the jury that former Montgomery County Assistance [sic] District Attorney (ADA), Paul Bauer, III, who was not on any witness list, would be testifying to the plaintiff's **CHARACTER**.  However, this ruling has been omitted from the plaintiff's official trial transcripts.

See Exhibit A at *7 (emphasis in  original).  Mr. Robinson argues that by making these inaccuracies and failing to correct them, Miss Huber-Berry violated Rule 115 of the Pennsylvania Rules of Criminal Procedure which, Mr. Robinson contends, requires Miss Huber-Berry to transcribe accurately and truthfully official type-written trial transcripts.

Mr. Robinson also alleges that Judge Smyth falsely stated that he reviewed the court record and the plaintiff's motion in opposition to the Intent to Dismiss Order before Judge Smyth denied the plaintiff PCRA relief.  This, Mr. Robinson contends, is a violation of Rule 907 of the Pennsylvania Rules of Criminal Procedure.

Mr. Robinson further contends that Judge Smyth conspired with Miss Huber-Berry to commit fraud by hiding and covering-up the fact that Miss Huber-Berry "knowingly, intentionally and maliciously inaccurately [sic] and falsely transcribed the official type-written trial transcripts" when the judge refused to grant Mr. Robinson access to audio tapes of Mr. Robinson's criminal trial proceedings.

## II.  LEGAL STANDARD

Defendant Judge Smyth moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  A district court considering a Rule 12(b)(1) motion to dismiss must distinguish between facial and factual challenges to its subject matter jurisdiction.  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction."  By contrast, "a 'factual' attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings."  Smolow v. Hafrer, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005) (citing Mortensen, 549 F.2d at 891).

Judge Smyth challenges the subject matter jurisdiction as a matter of fact.  When analyzing this type of 12 (b)(1) motion, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Id.  "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Id.  However, because Mr. Robinson is proceeding *pro se*, his filings will be construed liberally.  See Hartmann v. Carroll, 2007 U.S. App. LEXIS 16187 n. 8 (3d Cir. July 9, 2007).

Defendant Huber-Berry seeks dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Under that Rule, a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted."  The rule is

designed to screen out cases where "a Complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999). Under Rule 12(b)(6), a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue, therefore, is not whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a pleading should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party. ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

## III. DISCUSSION

It is well-settled that federal courts lack jurisdiction to review state court judgments

where the relief sought is in the nature of appellate review.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Blake  v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992).  Under the long-established Rooker-Feldman doctrine, a federal district court has no authority to review judgments of a state court in judicial proceedings.  Review of such judgments may be had only in the state appellate courts and in the United States Supreme Court.  See 28 U.S.C. § 1257.[3] The Rooker-Feldman doctrine applies in the § 1983 context, and operates whether or not the state litigation has reached the state's highest court.  Port Authority PBA v. Port Authority of N.Y. and N.J., 973 F.2d 169 (3d Cir. 1992), citing, Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986).  Moreover, the doctrine applies even where a plaintiff alleges deprivations of federally-protected due process and equal protection rights.  Feldman, supra, 460 U.S. at 485.

If the constitutional claims presented to the federal district court are "inextricably intertwined" with the state court's action, then the district court is in essence being called upon to review the state court decision.  Id. at 483-84, n.16.  Under those circumstances, such claims must be dismissed under the Rooker-Feldman doctrine.  See Parkview Assoc. P'ship v. Lebanon, 225 F.3d 321, 325 (3d Cir. 2000) ("a federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under Feldman

---

[3]  Title 28 of the United States Code, Section 1257 provides that final judgments or decrees rendered by the highest court of a state in which a decision could be had are to be reviewed by the Supreme Court of the United States, not by federal district courts.

where federal relief can only be predicated upon conviction that the state court was wrong").  A federal claim is inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment.  Knapper v. Bankers Trust Co., 407 F.3d 573, 581 (3d Cir. 2005).

Recently, the Supreme Court confined the application of the Rooker-Feldman doctrine to those cases (1) brought by state-court losers (2) complaining of injuries caused by state court judgments (3) rendered before the District Court proceedings and (4) inviting District Court review and rejection of those judgments.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, the Rooker-Feldman doctrine operates as a bar to Mr. Robinson's claims against the defendants.  Mr. Robinson, a "state-court loser," is complaining of alleged constitutional violations during his criminal proceedings, and seeking relief from this court to review and reject the determinations made during those proceedings.  Bringing new claims under the guise of a § 1983 action, Mr. Robinson is fundamentally still seeking appellate review of his state court proceedings which have already been reviewed by both the state and federal courts.  If I were to grant the relief sought, I would be in essence determining that the state court judgment was erroneously entered, leading to its reversal.  Thus, these federal claims are inextricably intertwined with Mr. Robinson's state

conviction and sentence.  Accordingly, pursuant to the <u>Rooker-Feldman</u> doctrine, this

court lacks jurisdiction to review the actions of the state court, and I will dismiss this case

in its entirety.

Even if this court had jurisdiction over these claims, they would still fail.  Title 42

of the United States Code § 1983 provides, in part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges,
> or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress.

Section 1983 provides remedies for deprivations of rights established in the

Constitution or federal laws.  It does not, by its own terms, create substantive rights.

<u>Baker v. McCollan</u>, 443 U.S. 137, 145 n.3 (1979).  To state a § 1983 claim, a plaintiff

must demonstrate that the defendant, acting under color of state law, deprived him of a

right secured by the Constitution or the laws of the United States.  <u>Am. Mfrs. Mut. Ins. Co.</u>

<u>v. Sullivan</u>, 526 U.S. 40, 49-50 (1999); <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1141

(3d Cir. 1995).

To bring a successful equal protection claim under § 1983, a plaintiff must prove

the existence of purposeful discrimination, and demonstrate that he was treated differently

from individuals similarly situated.  <u>See</u> <u>Keenan v. City of Philadelphia</u>, 983 F.2d 459, 465

(3d Cir. 1992).  Mr. Robinson failed to allege any facts which can be construed as

establishing a viable equal protection claim.

In addition, state law does not ordinarily define the parameters of due process for Fourteenth Amendment purposes; rather, the minimum, constitutionally mandated requirements of due process in a given context and case are supplied and defined by federal law, not by state law or regulations.  Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422 F.3d 141, 150 n. 4 (3d Cir.   ).  Here, Mr. Robinson alleges that the defendants violated his due process rights when their actions did not satisfy the requirements of the Pennsylvania Rules of Criminal Procedures.  He does not allege deprivation of rights established in the Constitution or federal laws.  Accordingly, Mr. Robinson's equal protection claim and due process claim would be dismissed.

Furthermore, because civil tort actions are not the proper vehicle to challenge a criminal conviction, a prisoner cannot bring a constitutional tort suit which would challenge the validity of his conviction or sentence unless that conviction or sentence has first been invalidated.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  The Supreme Court held that "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under 42 U.S.C. § 1983, unless the conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."  Id.; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (a plaintiff may not bring a § 1983 action for alleged

unconstitutional confinement "if success in that action would necessarily demonstrate the invalidity of the confinement or its duration," unless the plaintiff demonstrates that the imprisonment was invalidated).

Here, Mr. Robinson seeks relief under § 1983 resulting from the allegedly unconstitutional actions of the court reporter and presiding judge during the course of criminal proceedings against him.  A favorable outcome on these claims would necessarily demonstrate the invalidity of his conviction and sentence.  Yet, Mr. Robinson has not established that his conviction and sentence were invalidated by the state courts, or expunged by executive order, or called into question by a federal court's issuance of a writ of *habeas corpus*.  Heck and its progeny preclude Mr. Robinson from bringing these claims under § 1983.  Therefore, if this case were properly before me, I would grant the defendants' motions to dismiss in their entirety.

Finally, Mr. Robinson's claim for damages against Judge Smyth would be barred by the doctrine of judicial immunity.  Judges are absolutely immune from suits for damages under 42 U.S.C. § 1983 when they act in a judicial capacity.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'").  Because the acts of which Mr. Robinson complains, i.e., denying access to audiotapes, denying Mr. Robinson the opportunity to respond to an Order, were all performed by

10

Judge Smyth in his official capacity, contrary to Mr. Robinson's contention, and within his jurisdiction, Judge Smyth is entitled to judicial immunity.  See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768-69 (3d Cir. 2000).  These were judicial acts normally performed by a judge, and were not issued in the clear absence of all jurisdiction.  Thus, Mr. Robinson's § 1983 claims for money damages against Judge Smyth would be dismissed.

Nevertheless, judicial immunity would not completely dispose of Mr. Robinson's § 1983 claims against Judge Smyth because Mr. Robinson also seeks declaratory and injunctive relief.  These claims, however, would be dismissed because they are barred by 42 U.S.C. § 1983 itself, which declares that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Declaratory relief was available in his case, and Judge Smyth did not violate a declaratory decree.  Instead, Judge Smyth was acting in his "judicial capacities."  Accordingly, all claims against Judge Smyth would be dismissed.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS ROBINSON,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 06-3955** |
| | : | |
| **JOSEPH A. SMYTH (JUDGE), et al.,** | : | |
| **Defendants** | : | |

## O R D E R

**STENGEL, J.**


    **AND NOW**, this 22nd  day of August, 2007, upon consideration of Defendant Huber-Berry's motion to dismiss (Document #10), the plaintiff's response thereto (Document #12), Defendant Judge Joseph A. Smyth's motion to dismiss (Document #16), and the plaintiff's response thereto (Document 22), it is hereby ORDERED that both motions are GRANTED in their entirety.

    IT IS FURTHER ORDERED that all remaining motions[1] in this case are DENIED as moot.  The Clerk of Court is directed to mark this case closed for all purposes.


            BY THE COURT:


            _/s/ Lawrence F. Stengel_
            LAWRENCE F. STENGEL, J.

---

[1] These motions include: Defendant Huber-Berry's motion for leave to file reply brief (Document #17), Defendant Huber-Berry's motion to stay all discovery (Document #29), and the plaintiff's request for discovery material (Document #20).